**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES** : | |
| : | **3:17-CR-188** |
| **v.** : | |
| : | **(JUDGE MANNION)** |
| **VICTORIA KRAYNAK,** : | |
| **Defendant** : | |

## **MEMORANDUM**

**I.   BACKGROUND**

On July 29, 2020, defendant Victoria Kraynak, a 29-year old inmate confined at Alderson Federal Prison Camp ("FPC") in West Virginia, who is serving a 66-month federal sentence, (*see* December 17, 2019 Judgment, Doc. 688), filed, *pro se*, a letter Motion for Compassionate Release under 18 U.S.C. §3582(c)(1)(A), and request for immediate transfer to home confinement, due to the COVID-19 pandemic and since she alleges she is "considered high-risk by the CDC to contract and possibly die from COVID-19." (Doc. 725). Kraynak also states that she has served 37 months of her sentence and the BOP deemed her eligible for home confinement under the CARES Act. She further states that her home plan in Wilkes-Barre, Luzerne County, Pennsylvania, was approved but that Central BOP then denied her release to home confinement under the CARES Act without providing her a

1

reason. As such, Kraynak requests the court to "make an order to convert [her] sentence to time served in jail and [to allow her] to finish [her] last 18 months on house arrest."

Although Kraynak did not allege in her initial motion that she had any specific underlying medical conditions which would put her at a higher risk if she did contract COVID-19, in subsequent filings she alleges that her obesity is a risk factor. Nor does Kraynak allege that she has exhausted her administrative remedies by first submitting a request for compassionate release with the Warden at FPC Alderson.

On July 29, 2020, the court directed the government to respond to defendant's motion by August 12, 2020, and to address the exhaustion issue, and to include defendant's medical conditions as well as the safety measures adopted by the prison due to the COVID-19 pandemic. (Doc. 726). The government timely filed its response, (Doc. 731), with attached Exhibits, including, defendant's BOP medical records, which it filed under Seal. (Doc. 733). The government also submitted a copy of Kraynak's June 17, 2020 request to the prison's Health Services Unit ("HSU") asking if she qualifies to be considered for review to see if she is eligible for release to home confinement and if her obesity puts her "at high risk of COVID-19." On June 19, 2020, Dr. Dickenson, the Clinical Director at FPC Alderson, responded to Kraynak's request stating that "Health Services reviews inmate records for risk factors for severe disease at the request of Unit Team for Home Confinement eligible inmates." (Doc. 733-13 at 9).

On August 17, 2020, seemingly in reply to the government's response, Kraynak filed a letter request for the court to recommend to the BOP her placement in a Residential Reentry Center ("RRC") or home confinement subsequent to her period of incarceration under 18 U.S.C. §3624. (Doc. 736). She states that she has a release date from prison of February 18, 2022 "making it vital for [her] to be recommended for 12 months of halfway house and or home confinement." Specifically, she requests the court to recommend to the BOP to give her 6 months placement at an RRC and 6 months placement in home confinement. Kraynak states that she has completed courses in prison and attaches as Exhibits her certificates. She also submitted a copy of her Agreement to Participate in a BOP Residential Drug Abuse Program ("RDAP").

On August 20, 2020, Kraynak filed another letter motion for "a sentence amendment of 48 months incarcerated and 18 months of home confinement" "due to the unforeseen pandemic of COVID-19." (Doc. 737).

For the reasons set forth below, Kraynak's motion for compassionate release under 18 U.S.C. §3582(c)(1)(A)(i), will be dismissed without prejudice for lack of jurisdiction due to her failure to exhaust her BOP administrative remedies under §3582(c)(1)(A)(i).[1]

---

[1] To the extent Kraynak, who is proceeding *pro se*, is liberally construed as also seeking home confinement designation under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. 116-136, §12003, the court does not have authority to grant her request for relief and order the BOP to release her to home confinement. *See* United States v.

3

## II. DISCUSSION[2]

The court will first consider the exhaustion issue since "18 U.S.C. §3582 (c)(1)(A) contains a threshold exhaustion requirement." United States v. Schultz, —— F.Supp.3d ——, 2020 WL 1872352, at *3 (W.D. N.Y. April 15, 2020). *See also* United States v. Gadsden, 2020 WL 3871083, *1 (W.D. Pa. July 9, 2020) ("In United States v. Raia, 954 F.3d 594 (3d Cir. 2020), the court of appeals held that district courts cannot consider requests for compassionate release under the First Step Act until a prisoner has exhausted his administrative remedies.").

In its response, (Doc. 731 at 2), the government states:

---

McCann, 2020 WL 1901089, *3 (E.D. Ky. April 17, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court has no authority under this provision to order that a prisoner be placed on home confinement.") (citation omitted). *See also* United States v. Logan, 2020 WL 2559955, *2 (W.D. N.C. May 20, 2020) ("The Defendant alternatively moves the Court to order his release to home confinement due to the ongoing COVID-19 pandemic. This request, however, must also be denied. The discretion to release a prisoner to home confinement lies solely with the Attorney General."). Further, after a defendant is sentenced to imprisonment by the court, the BOP is solely responsible for determining the defendant's place of incarceration. *See* 18 U.S.C. §3621(b); 18 U.S.C. §3624(c). *See also* United States v. Delacruz, 2020 WL 3405723, *4 (M.D. Pa. June 19, 2020) ("[T]he Court is without authority to control the BOP's placement of Defendant—the Court can neither directly assign Defendant to home confinement nor direct the BOP to do so.").

[2]After Kraynak pled guilty to conspiracy to distribute and possess with intent to distribute more than 1 kilogram of heroin, more than 280 grams of cocaine base (crack), and fentanyl, in violation of 21 U.S.C. §846, the court imposed a 66-month prison sentence on December 17, 2019.

4

>Kraynak's motion is not ripe for decision, as she has not sought relief from the Bureau of Prisons through administrative processes; a prerequisite to petitioning this Court. On July 30, 2020, the [government] counsel received confirmation from administrative personnel at FPC Alderson that Kraynak has not requested compassionate release from the facility's warden. FPC Alderson personnel further advised that Kraynak was submitted for review for home confinement eligibility, at the BOP's initiative, but ultimately denied home confinement. That process, being conducted nationwide with thousands of inmates, is wholly separate from any request for compassionate release.

The government states that "[t]he Court thus does not have the jurisdiction to grant Kraynak's request for compassionate release, as she has not exhausted her administrative remedies, or complied with the mandates of 18 U.S.C. §3582(c)(1)." As such, the government contends that the court should dismiss Kraynak's motion without prejudice for lack of jurisdiction since she has not yet requested administrative release with the Warden, which is mandatory. (Id.).

The government also states that the BOP is implementing a COVID-19 Action Plan with guidance from the Centers for Disease Control ("CDC") in an ongoing effort to provide for inmate safety and to mitigate the risk of any spread of the virus. The government also represents that "FPC Alderson continues to implement the COVID-19 preventative measures and guidelines recommended by the CDC and followed by the BOP", and that as of August 12, 2020, "FPC Alderson reports no COVID-19 cases."[3] (Id. at 3).

---

[3]*See also* the BOP website, www.bop.gov/coronavirus/index.jsp.

5

Additionally, the government points out that Kraynak's BOP medical records did not indicate "any significant health issues that corroborate Kraynak's claim to be at a high-risk, per CDC guidelines, of serious complications should she contract COVID-19", and that "neither the records, nor Kraynak, reveal any diagnosis of or potential exposure to COVID-19." (Id. at 1).

In her reply, (Doc. 736), Kraynak does not dispute the government's assertion regarding the exhaustion issue and its request that "the Court dismiss [her] motion, without prejudice to her seeking future relief if and when she exhausts her administrative remedies with the BOP." Rather, she simply requests alternate relief which, as noted, is within the discretion of the BOP to determine if she is eligible.

No doubt that the court must "confirm that exhaustion is satisfied because [the Third] Circuit has held that §3582(c)(1)(A)'s exhaustion requirement is mandatory." United States v. Davidson, 2020 WL 4877255, *5 (W.D. Pa. Aug. 20, 2020) (citing United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (mandating "strict compliance" with §3582(c)(1)(A)'s exhaustion requirement)). "The defendant carries the burden of showing that

---

The court notes that as of September 1, 2020, no staff member and no inmates at FPC Alderson are reported to have tested positive for COVID-19. *See* https://www.bop.gov/coronavirus.

Also, Luzerne County where Kraynak seeks to be released to home confinement, reports 3,778 positive cases of COVID-19 and 188 deaths as of September 1, 2020. *See* PA Department of Health website.

he or she is entitled to a sentence reduction under the statute." United States v. Schultz, —— F.Supp.3d ——, 2020 WL 1872352, at *2 (W.D. N.Y. April 15, 2020) (citation omitted). "A defendant proceeding on his or her own motion may meet that burden by demonstrating (1) that he or she satisfied the statutory exhaustion requirement, (2) that extraordinary and compelling reasons exist for a sentence reduction, and (3) that a sentence reduction is consistent with the applicable Sentencing Guidelines provisions." Id. (citations omitted).

"Prior to petitioning a court for relief under §3582(c), a defendant must first file an administrative request for compassionate release with the warden of their facility and then either: (1) fully exhaust BOP's administrative remedies; or (2) wait thirty (30) days from the date their administrative request was filed with the warden." United States v. Davidson, 2020 WL 4877255, *5 (W.D. Pa. Aug. 20, 2020). Thus, "[a] prisoner may file a motion for compassionate release with the sentencing court 'after [he or she] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, **whichever is earlier**.'" United States v. Harris, 812 Fed.Appx. 106, 107 (3d Cir. 2020) (citing 18 U.S.C. §3582(c)(1)(A) (emphasis original). Further, "the [compassionate release] statute states that the defendant may file the motion thirty days after the warden receives his request." Id. (citing United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020) ("But before they [file a

7

compassionate-release motion], defendants must at least ask the Bureau of Prisons (BOP) to do so on their behalf and give BOP thirty days to respond.")).

Here, Kraynak has not submitted a request for compassionate release to the Warden at FPC Alderson before she filed her instant motion. Thus, Kraynak failed to meet her burden of establishing the procedural prerequisites for judicial review by showing that she has satisfied 30-day requirement contained in §3582(c)(1)(A).

Therefore, Kraynak has not exhausted her administrative remedies, which is mandatory. As such, her motion is premature and will be dismissed without prejudice for failure to exhaust administrative remedies. *See* United States v. Aker, 2020 WL 4196961 (M.D. Pa. July 21, 2020) ("where there has been no request to the BOP to move for compassionate relief or a sentence reduction on [defendants] behalf, the district court is without authority to consider prisoners' request for release or a reduction.") (citations omitted).

Secondly, the court cannot yet determine if Kraynak has demonstrated that "extraordinary and compelling reasons" warrant a reduction of her sentence since she has not exhausted his administrative remedies. *See* Zukerman, 2020 WL 1659880, *2 ("in order to be entitled to relief under 18 U.S.C. §3582(c)(1)(A)(i), [defendant] must both meet the exhaustion requirement and demonstrate that 'extraordinary and compelling reasons' warrant a reduction of [her] sentence."); Raia, 954 F.3d at 597 ("The First

8

Step Act empowers criminal defendants to request compassionate release for 'extraordinary and compelling reasons'" after the defendant exhausts administrative remedies with the BOP.) (citing 18 U.S.C §3582(c)(1)(A)(i)). The Third Circuit in Raia, *id.*, also held that defendant's failure to comply with §3582(c)(1)(A)'s exhaustion requirement "presents a glaring roadblock foreclosing compassionate release at this point."

As the Third Circuit in Raia, 954 F.3d at 597, explained, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." (citation omitted). *See also* Feiling, 2020 WL 1821457, *5 ("the Court agree[d] with the Third Circuit [in Raia] and the district courts cited [in its decision] and will join them in holding that the mere existence of COVID-19 among the prison population and an inmate's susceptibility to it do not justify waiver of the administrative exhaustion requirement under §3582(c)(1)(A).") (string citations omitted of several cases finding that since defendant failed to exhaust the administrative remedies with BOP, the Court does not possess authority to grant relief under §3582(c)(1)(A)(i), even if based on COVID-19, and that §3582(c)(1)(A) provided no authority to waive the exhaustion requirement); Edwards, 2020 WL 1987288, *10 n. 6 (court noted that the Third Circuit's conclusion in Raia that the exhaustion requirement was "non-waivable" and

9

that the failure to exhaust administrative remedies forecloses compassionate release was not "mere 'dicta'").

### III.  CONCLUSION

Defendant Kraynak's Motion for Compassionate Release and for Immediate Release to Home Confinement related to the COVID-19 pandemic, (Doc. 725), will be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction due to her failure to submit a request to the Warden at FPC Alderson and to exhaust the BOP's administrative remedies under §3582(c)(1)(A)(i). Further, insofar as defendant is seeking this court to compel the BOP to find that she is eligible for home confinement designation under the CARES Act, or to release her to a RRC, (Docs. 736 & 737), the court will **DISMISS** these requests since the authority to make these determinations lie with the BOP Director and not the court. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: September 16, 2020**
17-188-03