**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | | **3:17-CR-188** |
| | : | |
| v. | | |
| | : | **(JUDGE MANNION)** |
| **VICTORIA KRAYNAK,** | : | |
| **Defendant** | : | |

## MEMORANDUM

### I.   BACKGROUND

On July 29, 2020, defendant Victoria Kraynak, a 29-year old inmate confined at Alderson Federal Prison Camp ("FPC") in West Virginia, who is serving a 66-month federal sentence, (*see* December 17, 2019 Judgment, Doc. 688), filed, *pro se*, a letter Motion for Compassionate Release under 18 U.S.C. §3582(c)(1)(A), and request for immediate transfer to home confinement, due to the COVID-19 pandemic and since she alleged she was "considered high-risk by the CDC to contract and possibly die from COVID-19." (Doc. 725). Kraynak also stated that she has served 37 months of her sentence and the BOP deemed her eligible for home confinement under the CARES Act. She stated that her home plan in Wilkes-Barre, Luzerne County, Pennsylvania, was approved but that Central BOP then denied her release to home confinement under the CARES Act without providing her a reason.

1

Kraynak requested the court to "make an order to convert [her] sentence to time served in jail and [to allow her] to finish [her] last 18 months on house arrest."

On September 16, 2020, the court issued a memorandum and order and dismissed Kraynak's Motion for Compassionate Release and for Immediate Release to Home Confinement related to the COVID-19 pandemic, (Doc. 725), without prejudice for lack of jurisdiction due to her failure to submit a request to the Warden at FPC Alderson and to exhaust the BOP's administrative remedies under §3582(c)(1)(A)(i). Further, insofar as defendant requested the court to compel the BOP to find that she was eligible for home confinement designation under the CARES Act, or to release her to an RRC, (Docs. 736 & 737), the court dismissed these requests since the authority to make these determinations lie with the BOP Director and not the court. (Docs. 741 & 742). *See* United States v. Kraynak, 2020 WL 5548724 (M.D. Pa. Sept. 16, 2020)).[1]

---

[1] In addition to her motion for compassionate release, Kraynak filed a letter request for the court to recommend to the BOP her placement in a Residential Reentry Center ("RRC") or home confinement under 18 U.S.C. §3624. (Doc. 736). She stated that she has a release date from prison of February 18, 2022 "making it vital for [her] to be recommended for 12 months of halfway house and or home confinement." Specifically, she requested the court to recommend to the BOP to give her 6 months placement at an RRC and 6 months placement in home confinement. Kraynak stated that she had completed courses in prison. She also submitted a copy of her Agreement to Participate in a BOP Residential Drug Abuse Program ("RDAP").

On December 14, 2020, Kraynak filed her instant motion seeking the court to recommend to the BOP that she be placed in an RRC and then in home confinement, pursuant to the Second Chance Act of 2008 and the First Step Act of 2018, 18 U.S.C. §3624(c). (Doc. 764). Kraynak's projected release date from prison is February 18, 2022, *see* https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results, with good conduct time. She alleges that it is "vital for [her] to be recommended for 12 months of halfway house/home confinement placement." In particular, Kraynak requests the court to recommend her for 7 months halfway house placement followed by 5 months of home confinement, "subsequent to [her] period of incarceration." She contends that this will provide her "the greatest likelihood of successful reentry into the community", and that it would "greatly benefit [her], her family and her community."

As an Exhibit attached to her motion, Kraynak submitted a copy of the December 3, 2020 BOP Summary Reentry Plan-Progress Report which lists the classes and programs she has completed in prison, including drug education courses and participation in the RDAP, and indicates that she has maintained "clear institutional conduct" while incarcerated. Under the Release Planning section on the Report, it indicates that Kraynak "is being referred for an 180 day [RRC] placement … upon completion of RDAP, with consideration of home detention/Federal Location Monitoring when appropriate."

The court directed the government to respond to Kraynak's instant motion, and the government responded on January 6, 2021. (Docs. 765 & 768).

## II.     DISCUSSION[2]

Kraynak's instant motion, which does not request compassionate release, nonetheless essentially seeks the same relief that she requested in her Doc. 736 letter she filed in conjunction with her motion for compassionate release. Also, as the government notes, (Doc. 768 at 2 n. 1), "[a]lthough Kraynak requests that the Court recommend her placement in home confinement or a residential reentry center *subsequent* to her period of incarceration, both custodial arrangements are ones served during a period of imprisonment."

In its prior memorandum, the court noted that to the extent Kraynak was liberally construed as also seeking home confinement designation under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. 116-136, §12003, the court does not have authority to grant her request for relief and order the BOP to release her to home confinement. *See* United States v. McCann, 2020 WL 1901089, *3 (E.D. Ky. April 17,

---

[2]After Kraynak pled guilty to conspiracy to distribute and possess with intent to distribute more than 1 kilogram of heroin, more than 280 grams of cocaine base (crack), and fentanyl, in violation of 21 U.S.C. §846, the court imposed a 66-month prison sentence on December 17, 2019.

2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court has no authority under this provision to order that a prisoner be placed on home confinement.") (citation omitted). *See also* United States v. Logan, 2020 WL 2559955, *2 (W.D. N.C. May 20, 2020) ("The Defendant alternatively moves the Court to order his release to home confinement due to the ongoing COVID-19 pandemic. This request, however, must also be denied. The discretion to release a prisoner to home confinement lies solely with the Attorney General."). The court also noted that after a defendant is sentenced to imprisonment by the court, the BOP is solely responsible for determining the defendant's place of incarceration. *See* 18 U.S.C. §3621(b); 18 U.S.C. §3624(c). *See also* United States v. Delacruz, 2020 WL 3405723, *4 (M.D. Pa. June 19, 2020) ("[T]he Court is without authority to control the BOP's placement of Defendant—the Court can neither directly assign Defendant to home confinement nor direct the BOP to do so.").

As the government explains in its response, (Doc. 768 at 2):

As the Court already held, only the BOP has authority to determine whether and when an inmate's place of imprisonment should fall under home confinement or a residential reentry center. *See* 18 U.S.C. §3621; Vasquez v. Strada, 684 F.3d 431, 434 (3d Cir. 2012). To be sure, in making that determination, the BOP is to consider any statements or recommendations made by the Court. *See* 18 U.S.C. §3621(b)(4); United States v. Cruz, 455 F. Supp. 3d 154, 160 (M.D. Pa. 2020) (recommending home confinement to BOP while defendant was serving sentence). But once the inmate has been sentenced by the Court, as here, authority over that ultimate determination lies with the BOP alone. *Id.*

5

In particular, as this court held in Cruz, 455 F. Supp. 3d at 160, "[a]lthough the Court is not empowered to reduce [defendant's] sentence [], it is certainly free to recommend to the [BOP] that it allow [defendant] to be immediately transferred to home confinement." This court also pointed out that the ultimate decision of whether to release an inmate to home confinement rests with the BOP. *Id.* (citation omitted). In fact, the record shows that the BOP has already made a considered determination as to the amount time for Kraynak's RRC placement and home confinement. *See* BOP Summary Reentry Plan-Progress Report.

In the present case, based on the underlying facts of defendant's conviction, the court declines to make any recommendation to the BOP as to the amount of time Kraynak should be released to placement in an RRC and then to home confinement. As the government summarizes in its response, (Doc. 768 at 2):

> Kraynak trafficked significant quantities of heroin, fentanyl, and crack cocaine, and served as a manager and supervisor in a significant drug trafficking organization. She possessed firearms in connection with her offense, and a drug debt owed to Kraynak resulted in a coconspirator being chained in a basement and beaten repeatedly. Kraynak already received a considerable variance at sentencing, and no further relief is warranted in consideration of her offense conduct.

As such, the court will deny Kraynak's motion.

### III.  CONCLUSION

Defendant Kraynak's motion for the court to recommend that she be placed in a residential reentry center for 7 months followed by 5-months of home confinement, **(Doc. 764)**, unfortunately under the circumstances of this case will be **DENIED**.

An appropriate order will follow.

s/ *Malachy E. Mannion*<br>**MALACHY E. MANNION**<br>**United States District Judge**

**Dated: January 7, 2020**
17-188-04